## In re M. L. BLITZSTEIN & CO.

### No. 13802.

District Court, E. D. Pennsylvania.

April 11, 1938.

Henry Weiss, of Philadelphia, Pa., for petitioner.

Aarons, Weinstein & Goldhaber, of Philadelphia, Pa., for liquidating trustees.

DICKINSON, District Judge.

This case is unique and raises a question of jurisdiction among others. The bankrupts made application for a composition. This ended with an order confirming the composition as made. The composition provided for payment to the general creditors of 33½ per cent. of their claims in cash. All the remaining assets of the bankrupts were assigned to liquidating trustees, who issued what were called "participating certificates" for 66⅔ per cent. for each creditor's claim. The liquidating trustees entered upon the performance of their duties. Ida Porper, one creditor who has not received payment in full of her claim, asks for an order on the liquidating trustees to file an account. The answer of the trustees in effect challenges the jurisdiction of the court. The Bankruptcy Law provides in clause e of section 12, 11 U.S. C.A. § 30(e), that, "upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed." The composition in this case provided for the payment by the trustees in bankruptcy of the moneys in their hands, not to the creditors eventually entitled thereto, but to the liquidating trustees for them. It would seem to follow that when this transfer was made distribution of the assets was made, and in the language of section 12 the bankruptcy case was dismissed. This would further seem to mean that the bankruptcy court, being done with the case, had no further jurisdiction in the premises. The trustees would of course be answerable to creditors for the assets which they had received, and would be bound to account therefor. The question now, however, is not their liability to account, but in what way this duty shall be enforced.

We are reluctantly driven to the conclusion that the bankruptcy court has no further jurisdiction of the cause, the case having been dismissed, and in consequence could not require an accounting in the bankruptcy court. The analogue would seem to be that of the voluntary composition agreement made between a debtor and his creditors under which he transferred to liquidating trustees assets for equal distribution among all his creditors. These trustees could of course be called upon to account, but the proceeding would not be in a bankruptcy court because in that case there would be no bankruptcy proceeding. Here there was a bankruptcy proceeding, but by the confirmation of the composition

all the bankruptcy court could do would be to direct the carrying out of the composition. This would be effected by a transfer to the liquidating trustees, and thereupon under section 12 of the bankruptcy statute the case is automatically dismissed. This would put affairs in the situation analogous to the instanced case in which there had been no bankruptcy.

The petition for an order on the liquidating trustees to account is accordingly dismissed.